**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES RAY DAVIS, | No. 10-35827 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00635-AC |
| v. | |
| STATE OF OREGON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted May 7, 2012
Portland, Oregon

Before: TASHIMA, TALLMAN, and IKUTA, Circuit Judges.

Even assuming that James Ray Davis's § 1983 claims are not precluded by

the settlement agreement in Davis's habeas action or *Heck v. Humphrey*, 512 U.S.

477 (1994), such claims fail because Davis does not raise a genuine issue of

material fact that his constitutional rights were violated.  Davis fails to raise a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

genuine issue of material fact that the appellees knew that his presentence incarceration credits had been improperly calculated or were deliberately indifferent to a risk of miscalculation, as needed to show a violation of his Eighth Amendment rights. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc). Davis also fails to raise a genuine issue of material fact that the appellees investigated his complaints inadequately or deprived him of an opportunity to be heard in violation of his Fourteenth Amendment due process rights. *Cf. Alexander v. Perrill*, 916 F.2d 1392, 1398 (9th Cir. 1990); *Haygood*, 769 F.2d at 1357. The calculation of Davis's sentence involved only an application of state law to undisputed facts, and thus did not trigger a duty to conduct an investigation into disputed facts as in *Alexander*. *See Alston v. Read*, 663 F.3d 1094, 1099 (9th Cir. 2011). And, unlike in *Haygood*, the appellees were acting according to Oregon Department of Corrections policies that had been developed in consultation with outside counsel. Additional process would not have achieved anything because each side's position was clear.

Moreover, given the circumstances of the sentence calculation dispute, including the fact that legal counsel assisted in drafting the policy, even assuming that a constitutional violation can be established, the law was not clearly

established and, thus, appellees would be entitled to qualified immunity in any event. *See Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011) (noting that an official's conduct violates clearly established law only when "the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right" (internal markings omitted)).

**AFFIRMED.**